Rollins, S.
The paper purporting to be the last will and testament of James Griffiths Henry was .admitted to probate as such on October 25, 1883, having been theretofore propounded by Sarah M. Henry, whom it named as its executrix. On October 17,1884, Evan J. Henry filed in this court a petition for revocation of such probate, declaring himself therein to be the father of decedent and his only next of kin, and protesting that the proponent, who claims to be decedent’s widow, had never been his lawful wife.
On the 24th of April, 1885, the proponent filed a petition alleging that her husband left him surviving an infant son, whereof she was the mother, and that by the will here in dispute such son was named as a beneficiary. The petition concluded with a prayer for the appointment of Charles G. Cronin, esq., as special guardian to protect the rights of such infant in the proceeding for revocation. An order appointing Mr. Cronin such special guardian was thereupon entered. It was entered improvidently, involving, as it did, a violation of Rule 10 of the surrogate’s court, by which rule it is, among *251 other things, provided that in a proceeding for probate a special guardian will not be appointed on the nomination of a proponent to represent the interests of an infant.
The order is also obnoxious to Rule 10 in another particular. In an affidavit filed by Hr. Cronin in opposition to this motion he admits the truth of the statement in the moving papers that he is connected in business with Hr. Woodbury, “ who may,” he says, “and probably will, act as counsel for the proponent ” in the proceeding for revocation. Hr. Cronin insists, however, that in that proceeding the interests of the child and those of the mother are identical. If this were the case, and if no contingency could arise in which their respective interests would clash, I might decline to vacate this appointment in spite of its irregularity. But, in case the validity of proponent’s marriage and the legitimacy of her child shall be established upon the trial of the preliminary issue involving those questions, I am convinced that the infant should be represented, not by a guardian selected by the proponent employed in the office of her counsel and in natural sympathy, therefore, with her wishes, but by one who can determine without prejudice what attitude the best interests of the infant will require him then to take in the proceeding for revocation (See Matter of Tunis Cooper's Estate, N. Y. Daily Register, April 24, 1885; 4 Surr. Dec., —). The order of April twenty-fourth must, therefore, be vacated. I think it proper to add that this decision involves no reflection upon the personal character or attainments of the present guardian, to whom the surrogate of his own motion has repeatedly intrusted the protection of the interests of infant parties to proceedings in this court.